# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | § |
| | § |
| | § CASE NUMBER 2:17-CR-00004-JRG-JDL |
| v. | § |
| | § |
| | § |
| DEVIN KAYE HARRISON (2), | § |
| | § |

## REPORT & RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

On March 11, 2019, the Court conducted a hearing to consider the government's petition to revoke the supervised release of Defendant Devin Kaye Harrison. The government was represented by Frank Coan, Assistant United States Attorney for the Eastern District of Texas, and Defendant was represented by Matt Millslagle, Federal Public Defender.

Defendant originally pled guilty to the offense of Passing Counterfeit Obligations or Securities (Possession of Counterfeited Obligations of the United States and Aiding and Abetting), a Class C felony. The United States Sentencing Guideline range for this offense, based on a total offense level of 9 and a criminal history category of III, was 8 to 14 months. On February 13, 2018, District Judge Rodney Gilstrap sentenced Defendant to 12 months imprisonment followed by 1 year of supervised release[1], subject to the standard conditions of release, plus special conditions to include financial disclosure, drug testing and treatment, and acquirement of a GED. On October 21, 2018, Defendant completed the term of imprisonment and began her term of supervised release.

---

[1] Defendant's sentence was to run consecutive with any term of imprisonment imposed in the then pending revocation proceedings in docket number 05-2017-CR-022174 pending in the 18th Judicial Circuit Court of Titusville, Brevard County, Florida.

Under the terms of supervised release, Defendant was required to refrain from any unlawful use of a controlled substance. In its petition, the government alleges that Defendant violated her conditions of supervised release when she submitted a urine specimen, which tested positive for methamphetamine on January 16, 2019 and January 31, 2019. The government represents that Fifth Circuit case law permits a court to find that illicit drug use constitutes possession for the offense.

If the Court finds by a preponderance of the evidence that Defendant violated the conditions of supervised release when she possessed methamphetamine on January 16, 2019 and January 31, 2019, Defendant will have committed a Grade B violation. U.S.S.G. § 7B1.1(a). Upon finding of a Grade B violation, the Court shall revoke supervised release. U.S.S.G. § 7B1.3(a)(1). Considering Defendant's criminal history category of III, the Guideline imprisonment range for a Grade B violation is 8 to 14 months. U.S.S.G. § 7B1.4(a).

At the hearing, the parties indicated that they had come to an agreement to resolve the petition whereby Defendant would plead true to violating the conditions of supervision by committing the acts as described in Allegation 1 in the government's petition. In exchange, the government agreed to recommend to the Court a sentence of 12 months and 1 day imprisonment, with no supervised release to follow.

The Court therefore **RECOMMENDS** that Defendant Devin Kaye Harrison's Hubbard's plea of true be accepted and she be sentenced to 12 months and 1 day imprisonment, with no supervised release to follow. The Court further **RECOMMENDS** that Defendant serve her sentence at FPC Bryan, if available. The Court further **RECOMMENDS** that Defendant receive substance abuse treatment and counseling, if available. The parties waived their right to objections so this matter shall be immediately presented to the District Judge for consideration.

**So ORDERED and SIGNED this 11th day of March, 2019.**